FILED

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

01 JAN 25 AM 10: 11

U.S. DISTRICT COURT
N.D. OF ALABAMA

BEVERLY MITCHELL, et al

    Plaintiffs,

v.                                            CV 99-PT-3002-E

REDMAN MOBILE HOMES, INC.

    Defendant.

ENTERED
JAN 25 2001

## MEMORANDUM OPINION

This cause comes on to be heard on defendant's Motion for Summary Judgment filed on July 3, 2000. The court has heard oral arguments at two recorded hearings. After the first hearing, the plaintiffs narrowed their claims to the following:

1. The plaintiff Brooks claims that he was denied a promotion to a team leader position in the carpet section which was given to Mark Smith in February 1998.

2. The plaintiff Brooks claims that he should have been promoted to a team leader position in the maintenance section which was given to Stone in 1999.

3. The plaintiff Maxwell claims that she should have been promoted to a supervisor position received by Lipham in January 2000.

4. Plaintiff Mitchell claims that she should have been promoted to the position of final finish supervisor given to Lipham in January 2000.

5. Plaintiff Mitchell claims that she should have been promoted to the position of final finish supervisor received by David Hudson in January 1999.

6. Plaintiff Meadows contends that he should have been promoted to a roof set team leader position in January 1999 which was given to Williams.

7. Meadows also claims that he should have been given a utility foreman position in July 1999.

The decision maker for the Brooks-Smith, Mitchell-Hudson, and Meadows-Williams promotions was Gonzales.

The decision maker for the Brooks-Stone, Maxwell-Lipham, Mitchell-Lipham and utility foreman promotion was Fiddler.

The defendant has articulated the reasons for each of its decisions. As to the decisions made by Fiddler, the court concludes that there is no evidence that he intentionally discriminated against any plaintiff. He was new on the job and simply tried to make decisions which would result in improvements at a plant which ultimately closed. There is not a reasonable inference that his reasons for his decisions are pretextural.

The court reaches a different conclusion as to the Gonzales decisions. There is a reasonable inference that at least some of his decisions may have been intentionally discriminatory. The court will grant the defendant's motion with respect to all claims except the remaining Gonzales' decisions.

This the 25th day of January, 2001.

*[signature]*
ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE

2